O. GLEN STACKHOUSE, APPELLANT, v. CITY OF CAMDEN, RESPONDENT.

Submitted July 11, 1921—Decided November 14, 1921.

1. Section 9 of chapter 108 of the laws of 1913 (*Pamph. L., p.* 140), which increases the salaries of recorders in cities of the second class, is unconstitutional, for the reason that such object, although embraced in the body of the act, is not expressed in its title.
2. A portion of an act, separable from the other portions thereof, may be excised if unconstitutional, without impairing the validity of the other portions of the act.
3. For one to be able to avail himself of the provisions of chapter 163 of the laws of 1917 (*Pamph. L., p.* 488), he must have filled an office or position created by the act declared unconstitutional.

On appeal from the Camden County Circuit Court.

For the appellant, *D. Trueman Stackhouse.*

For the respondent, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment entered in the Camden County Circuit Court in favor of the defendant. The appellant, in November, 1910, was elected to the office of recorder and judge of the police court of the city of Camden for the term of three years under the provisions of the charter of the city of Camden and a statute enacted in the year 1910. *Pamph. L., p.* 112. He took office by virtue of said election on January 1st, 1911. The salary was $2,000 per annum. On March 24th, 1913, there was approved an act of the legislature (*Pamph. L., p.* 174) entitled "An act respecting proceedings in certain criminal cases of cities of the second class of this state having a population of over fifty thousand," which went into effect June 1st, 1913. Under the provisions of this act the jurisdiction of the recorder's court

was extended and the work of the recorder increased. The ninth section of the 1913 statute provided that the recorder shall receive in cities of the population of Camden $3,000. The appellant was paid by the city of Camden subsequent to the passage of this act at the rate of $2,000 per year. He claimed he should be paid at the rate of $3,000 per year under the 1913 act and filed with the city of Camden a claim for the alleged increase in salary from June 1st, 1913, the date the act became effective, to January 1st, 1914, which amounted to $583.33. The city refused to pay the recorder this sum. Thereupon he brought a suit in the Camden County Circuit Court to recover it. The city set up in defence of the action that the act of 1913, under which the recorder claimed the increase in salary was unconstitutional, because the title of the act was not sufficiently broad to embrace the provisions of the ninth section of the act relating to the salaries of recorders and therefore fell under the constitutional inhibition that every law shall embrace but one object and that shall be expressed in its title.

The Circuit Court held that this position of the city of Camden was well taken and the act unconstitutional and directed judgment to be entered for the city. The appellant contends before this court that the Circuit Court erred in holding the act unconstitutional and in directing judgment to be entered for the city. The argument advanced by the appellant is that as proceedings in criminal cases must necessarily be heard before some official and it is not to be presumed that such official will act without compensation that the part of the act fixing salaries comes fairly within the title of the act which recites that it deals with proceedings in certain criminal cases in cities of the second class of this state having a population of over fifty thousand.

The clause of the state constitution which provides that "every law shall embrace but one object, and that shall be expressed in its title," was designed to give information as to the object of the statute to the legislators and the public, and, consequently, the title of an act should read as it would probably be understood by non-professional persons of ordinary in-

telligence. *Van Riper* v. *Heppenheimer*, 17 *N. J. L. J.* 49. The title must mean something in the way of being a notice of what is contained in the act. It is not enough that it embraces the legislative purpose, it must express it. *Rader* v. *Union*, 39 *N. J. L.* 509. An object of an act is expressed in its title when a correct impression concerning the objects of the act is thereby disseminated. *Griffith* v. *Trenton*, 76 *Id.* 23. Applying these tests to the title of the act under consideration, can it be said that anyone reading the title of this act would be apprised that one of its objects was to increase the salaries of recorders? It is entitled "An act respecting proceedings in certain criminal cases." There is in this title nothing which suggests legislation regarding the salaries of recorders. The jurisdiction of the recorders' courts in cities of the second class would be extended to new classes of cases without necessarily increasing the salaries of the recorders. The title gives no notice of the provisions of the act respecting increases of recorders' salaries. It gives no notice that the increase of the recorders' salaries is to be the effect of the passage of the act.

We therefore conclude that the provisions of the statute under review with reference to the increase of the salaries of recorders, although embraced in the body of the act, is an object that is not expressed in the title, and hence the ninth section of the act, which is the section dealing with this subject, has not been constitutionally enacted into a law.

Where the body of an act includes an object not expressed in the title, this does not vitiate the entire act. The section of the act under consideration increasing the salaries of recorders is separable from the other portions of the act. This section may be excised from the act without impairing the validity of the act itself.

The appellant further argues that if the city of Camden is correct in its contention that the act of 1913 is unconstitutional, that, nevertheless, the appellant is entitled to recover the amount sued for under the provisions of an act known as chapter 163 of the laws of 1917 (*Pamph. L., p.* 488), which provides as follows:

"1. Whenever heretofore or hereafter anyone shall actually have performed services for any municipality of this state in the duties of any office or position, created by or pursuant to any statute, whether constitutional or unconstitutional, in good faith and before such statute shall have been judicially pronounced to be unconstitutional, he shall be entitled to receive such salary or compensation as he would have been entitled to if such statute were constitutional.

"2. Where such statute purports to create an office or position in addition to and in all respects similar to one or more offices or positions already existing in such municipality, then such person performing services as set forth in the preceding section shall be entitled to salary or compensation at the rate then fixed for the said similar offices or positions then existing in such municipality, for the period during which such services shall have been performed."

The fallacy of this argument is that the 1913 act does not create the office or position of recorder. This office in the city of Camden was created by the charter. The act of 1910 referred to regulated and increased the powers of the recorder and fixed his salary. The act of 1913 further increased the powers of the recorder. The statute of 1917 invoked by the appellant was enacted to assure to one filling an office or position and discharging the duties thereof payment for such services in the event of the act under which he was appointed or elected to such office or position being declared unconstitutional. The appellant was elected under the act of 1910. He was not elected under the act of 1913. The constitutionality of the 1910 act is not in question or attacked. For the appellant to be able to avail himself of the provisions of the 1917 act he must be filling an office or position created by the act declared unconstitutional. This is not the appellant's position. This was the view entertained by the Circuit Court, which we think correct.

For these reasons the judgment entered in the Camden County Circuit Court in favor of the city of Camden, the defendant below, is affirmed, with costs.

*For reversal*—None.